IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

W.R. VERNON PRODUCE COMPANY, )
)
                Plaintiff, )
v. )
) CIVIL ACTION NO: 1:16-CV-_____
COFFEY'S PRODUCE COMPANY, )
INC., BENSON H. COFFEY, and )
TEENA H. COFFEY, )
)
                Defendants. )

## COMPLAINT
**(To Enforce Payment from Produce Trust)**

Plaintiff W.R. Vernon Produce Company ("W.R. Vernon" or "Plaintiff") for its Complaint against Defendant Coffey's Produce Company ("Defendant Coffey's Produce") and Defendants Benson H. Coffey and Teena H. Coffey (collectively, the "Individual Defendants"), hereby alleges the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereinafter "PACA").

2. Venue is proper in the Middle District because a substantial part of the events or omissions giving rise to the claim arose in this District. See 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff W.R. Vernon, a North Carolina company with its principal place of business located in Winston-Salem, North Carolina, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of PACA as a dealer.

4. Defendant Coffey's Produce, a North Carolina corporation with its principal place of business in Caldwell County, North Carolina, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of PACA as a dealer.

5. Upon information and belief, the Individual Defendants are the officers, directors and/or managers of Defendant Coffey's Produce and were in positions of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

6. This action is brought to obtain declaratory relief and to enforce the trust provisions of 7 U.S.C. § 499e(c).

7. From August 2015 through February 2016, W.R. Vernon sold and delivered to Defendant Coffey's Produce, in interstate commerce, wholesale quantities of produce. Of those wholesale quantities of produce sold and delivered to Defendant Coffey's Produce, $119,595.58 remains unpaid.

8. Defendants accepted the produce from W.R. Vernon.

9. At the time of receipt of the produce, W.R. Vernon became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

10. W.R. Vernon preserved its interest in the PACA trust in the amount of $119,595.58 and remains a beneficiary until full payment is made for the produce.

11. In December 2015, checks in the amount of $3,016.25 and $4,283.50 signed, upon information and belief, by Defendant Teena Coffey on behalf of Defendant Coffey's Produce were returned to W.R. Vernon because Defendant Coffey's Produce's account had insufficient funds. Although Defendant Coffey's Produce has paid W.R. Vernon $6,961.00 toward those two checks, the balance of $338.75 remains due and owing.

12. Defendants' failure and refusal to pay W.R. Vernon the undisputed amount owed, as well as the returned checks, demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay W.R. Vernon and are likely dissipating trust assets.

### FIRST CLAIM FOR RELIEF
### Failure to Pay Trust Funds

13. Plaintiff incorporates the preceding allegations as if fully set forth herein.

14. The failure of Defendant Coffey's Produce to make payment to W.R. Vernon of trust funds in the amount of $119,595.58, plus any additional amount previously paid by Defendant Coffey's Produce's check and dishonored, from the statutory trust is a violation of PACA and PACA regulations and is, therefore, unlawful.

15. Plaintiff is entitled to an order enforcing payment from the trust by requiring immediate payment of $119,595.58 to Plaintiff.

## SECOND CLAIM FOR RELIEF
**Failure to Pay for Goods Sold**

16. Plaintiff incorporates the preceding allegations as if fully set forth herein.

17. Defendant Coffey's Produce agreed to pay W.R. Vernon for all produce Defendant Coffey's Produce ordered and received from W.R. Vernon.

18. Defendant Coffey's Produce failed and refused to pay W.R. Vernon $119,595.58 owed to W.R. Vernon for produce received by Defendant Coffey's Produce from W.R. Vernon.

19. W.R. Vernon has been damaged by Defendant Coffey's Produce's failure to pay for all produce ordered and received in the amount of $119,595.58, plus the value of any checks from Defendant Coffey's Produce that are dishonored in the future, and is entitled to a judgment against Defendant Coffey's Produce in that amount.

## THIRD CLAIM FOR RELIEF
**Unlawful Dissipation of Trust Assets by a Corporate Official**
**(Against Individual Defendants)**

20. Plaintiff incorporates the preceding allegations as if fully set forth herein.

21. Upon information and belief, the Individual Defendants are officers, directors, and/or managers who operated Defendant Coffey's Produce during the period of time in question and who were in positions of control over the PACA trust assets belonging to W.R. Vernon.

22. The Individual Defendants failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and to pay W.R. Vernon for the produce supplied.

23. The Individual Defendants' failure to direct the corporation to maintain PACA trust assets and to pay W.R. Vernon for the produce it supplied was an unlawful dissipation of trust assets by a corporate official and a breach of the Individual Defendants' duties.

24. As a result of this unlawful dissipation of trust assets and breach of duties, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the produce it supplied. Plaintiff's damages are equal to the value of the PACA trust in its favor.

### FOURTH CLAIM FOR RELIEF
**Interest and Attorneys' Fees**

25. Plaintiff incorporates the preceding allegations as if fully set forth herein.

26. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, W.R. Vernon has lost the use of the money it should have received through payment.

27. As a further result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, W.R. Vernon has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties.

28. PACA and/or W.R. Vernon's invoices entitle W.R. Vernon to recover the maximum prejudgment interest permitted by law, as well as attorneys' fees and costs incurred to collect any balance due from Defendants.

29. Defendants owe to W.R. Vernon interest on each unpaid invoice from the date each payment was due, plus attorneys' fees and the costs of this action pursuant to PACA.

WHEREFORE, Plaintiff respectfully requests that the Court

1. Enforce a trust on Defendant Coffey's Produce's assets in Plaintiff's favor in an amount equal to all unpaid invoices from W.R. Vernon to Defendant Coffey's Produce;

2. Enter a money judgment in its favor against each of the Defendants, jointly and severally, in the amount of all unpaid invoices from W.R. Vernon to Defendant Coffey's Produce;

3. Award Plaintiff prejudgment and postjudgment interest, costs, and attorneys' fees allowed by law;

4. Hold a jury trial on all issues so triable; and

5. Grant such other and further relief as to the Court seems just and proper.

This the 1st day of March, 2016.

/s/ *J. Nathan Duggins III*
J. Nathan Duggins III
N.C. State Bar No. 22029
nduggins@tuggleduggins.com
Richard W. Andrews
N.C. State Bar No. 44177
randrews@tuggleduggins.com
*Attorneys for Plaintiff*

OF COUNSEL:
TUGGLE DUGGINS, P.A.
Post Office Box 2888
Greensboro, NC 27402-2888
Phone: (336) 378-1431
Fax:    (336) 274-6590